# NILS NILSON v. CANADIAN NORTHERN RAILWAY COMPANY.

## OLAF MATTSON v. SAME.

## ERICK MATTSON v. SAME.

## MANLY H. MORSE v. SAME.

## JULIA LUNDE v. SAME.

## WILLIAM C. KNUDSON v. SAME.[1]

May 10, 1912.

Nos. 17,690, 17,691—(240, 241).

**Statutory costs.**

Six actions against the same defendant for losses caused by the same fire. One cause was tried separately. The other five cases were thereafter tried under stipulation that they should be tried as one case but separate verdicts returned.

[1] Reported in 136 N. W. 280.

There was only one appeal taken, and but one paper book and one brief filed. The same attorneys represented all the plaintiffs, and there was but one argument in this court. On appeal from the clerk's taxation of costs it was *held:* That the allowance of statutory costs in this court is a matter of discretion, and on the facts plaintiffs should be allowed as statutory costs no larger sum than $35, to be apportioned pro rata by the clerk to the plaintiffs in the several actions. [Reporter.]

Six actions begun in the district court for Roseau county, and transferred to Marshall county, to recover for damages to property caused by fire set by defendant's locomotive. The answers were a general denial. The cases were tried before Grindeland, J., and a jury which returned a verdict in favor of plaintiff in each case. From an order denying its motion in each case for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed in each case.

*Hector Baxter* and *Washburn, Bailey & Mitchell,* for appellant.

*Charles Loring, Julius J. Olson* and *Cooke & Berkman,* for respondents.

PER CURIAM.

In these six actions the plaintiffs seek to recover damages alleged to have been suffered by them from fire set by one of the defendant's locomotives on September 20, 1910, in Roseau county. The case in which Nils Nilson was plaintiff was tried before a jury. The other five cases were thereafter tried before one jury, under stipulation that they should be consolidated and tried as one case, the jury, however, to return separate verdicts. Each of the said plaintiffs had a verdict, and thereafter motions were made in all of the cases for judgment notwithstanding the verdict or for a new trial. The motions were denied, and appeals followed in all of the cases from the orders of the court therein entered.

The same fire is involved in all the cases, and the same witnesses testified concerning its origin. The evidence adduced by the defendant as to the condition, inspection, and operation of its locomotive, which is claimed to have set the fire, upon the day the fire was alleged to have been so set, is substantially the same as in the case of Babcock v. Canadian Northern Railway Company, supra, page 434. The defendant conceded that, if it should be held that the evidence in the Babcock cases on the question of the origin of the fire therein involved was sufficient to sustain the verdicts for the plaintiffs therein had, then there is sufficient evidence in the instant cases to support the verdicts herein.

117 M.—34.

This question, and all others raised by the appellant herein, have, in the said Babcock cases, been determined adversely to the defendant, this appellant.

Orders affirmed.

On June 3, 1912, the following opinion was filed:

PER CURIAM.

Appeals by the plaintiffs from the clerk's taxation of costs. The plaintiffs claimed the right to tax $25 statutory costs in each of these six actions. The defendant objected to a greater allowance than $35.

The following facts in addition to those stated in the opinion filed herein indicate the questions involved:

Only one appeal was taken in these actions, and but one paper book was printed and one brief filed. The same attorneys represented all the plaintiffs, and but one argument was made in this court. In the court below the Nilson case was first tried to a jury, and the plaintiff had a verdict therein. Thereafter all of the other cases were tried together to one jury and separate verdicts for the several plaintiffs were returned.

The allowance of statutory costs in this court is a matter of discretion (rule 29), and we hold that on the facts the plaintiffs should be allowed as statutory costs the amount conceded by the defendant, viz., $35, and no further sum, to be apportioned pro rata by the clerk to the plaintiffs in the several actions.

It is so ordered.